## A. M. Forbes *v.* John Fahrmer.

Where it is sought to prove payment of a promissory note, it is not necessary that the note be annexed to the commission, in order to prove payment by the answers of the witness, whose depositions are to be taken.

Plaintiff having ignored the existence of a note, and sued for the stipulated price of property sold, cannot, where the defence is that the note was taken up by defendant, insist upon the production of the note.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.

*E. Hiestand*, for plaintiff.   *E. Abell*, for defendant and appellant.

Voorhies, J.  The plaintiff sold two mules to the defendant for the sum of $385, for which amount the latter executed his note payable sixty days after date.  The former instituted suit, not on the note, but for the stipulated price, disregarding the existence of that instrument.

The defence is that the note was taken up by the defendant, upon payment or discount.  The testimony of *Alexander Miller*, taken under commission, was offered to prove that fact; but it was rejected by the District Court, on the plaintiff's objection that the questions propounded were leading, and also that the note itself was not annexed to the commission, nor had been produced during the trial.

There is one leading question propounded by the defendant; this, however, is supplied by a cross-interrogatory of the opposite party on the same subject-matter, eliciting the same information.

With regard to the non-production of the promissory note, the objection raised is,—not that the contents of this instrument are to be proven without accounting for its loss or destruction,—but that the defendant cannot prove the payment by parol, without annexing the note to the commission, or producing it on the trial.  This objection is untenable.  If a written receipt had been given, parol evidence would be inadmissible to prove the fact of payment.  But, in the present case, the existence of such a receipt is neither alleged nor shown.  We are aware of no rule of law requiring a note to be annexed to a commission, in order to prove payment by the answers of the witness, whose depositions are to be taken.  This is a matter of convenience or expediency.

The plaintiff having ignored the existence of the note and sued for the stipulated price of the property sold, cannot with any propriety insist upon the production of the note.

The testimony of *Miller* was admissible in evidence.  The plea of payment is clearly sustained by his answers.

It is, therefore, ordered and adjudged that the judgment of the District Court be avoided and reversed; and that there be judgment in favor of the defendant, with costs in both Courts.

Land, J., absent.